**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**JUAN SALCEDO,**

                    Petitioner,

        - against -                          **05 Civ. 1847 (JGK)**

**UNITED STATES OF AMERICA,**                **OPINION AND ORDER**

                    Respondent.

────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

        The petitioner Juan Salcedo moves pursuant to 28 U.S.C. §
2255 to vacate and set aside his conviction and sentence on the
grounds that he received ineffective assistance of counsel.  In
addition to the papers submitted by the parties, the Court has
considered the evidence submitted at an evidentiary hearing on
July 28, 2006, including the sworn testimony of John Burke, the
petitioner's counsel at the time of his plea and his sentence.
The Court makes the following findings of fact and reaches the
following conclusions of law.

                              **I.**

        On March 28, 2003, the petitioner pleaded guilty to both
counts of an indictment that charged violations of the federal
narcotics laws.  Count One charged that the petitioner
participated in a conspiracy in violation of 21 U.S.C. § 846 to
distribute and possess with intent to distribute five kilograms

                            - 1 -

and more of mixtures and substances containing a detectable
amount of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1),
and 841 (b)(1)(A).  Count Two charged the defendant with the
substantive offense of having distributed and possessed with
intent to distribute approximately seventy-four kilograms of
mixtures and substances containing a detectable amount of
cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and
841(b)(1)(A) and 18 U.S.C. § 2.  The defendant pleaded guilty
without a plea agreement but, pursuant to United States v.
Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), the Government
provided a letter to the defendant explaining that it estimated
the applicable Sentencing Guideline range to be 135 to 168
months.  (See Ex. C to Gov't Mem. of Law in Opp'n, Aug. 19,
2005 ("Gov't Mem.").)

On January 23, 2004, the Court sentenced the petitioner
primarily to a sentence of imprisonment of 135 months.  The
Court determined, consistent with the recommendation in the Pre-
Sentence Report, that, pursuant to the November 5, 2003 United
States Sentencing Guidelines that were in effect at the time of
sentencing, the petitioner's Offense Level was 33, his Criminal
History Category was I, and the applicable Sentencing Guideline
Range was 135 to 168 months.  In determining the applicable
Sentencing Guideline Range, the Court rejected the argument by

- 2 -

counsel for the petitioner that the petitioner should receive a two level downward adjustment pursuant to Section 3B1.2(b) of the Sentencing Guidelines for allegedly being a minor participant in the criminal activity that was the basis for the conviction.  The Court noted that the defendant was not less culpable than most other participants judged by the elements of the offense.  (Sentencing Transcript of Jan. 23, 2004 ("Sent. Tr."), at 10.)  The Court found that the defendant substantially participated in the distribution of 74 kilograms of cocaine in the substantive offense charged in the indictment, as well as approximately 11 kilograms of cocaine in other drug transactions.  (Id.)  The Court noted that the petitioner acted as a driver to facilitate drug transactions, kept drug records, counted drug proceeds, and received $3,000 for the acts charged in the indictment.  (Id.)  At the conclusion of the sentence, the Court advised the petitioner of his right to appeal and advised him that the notice of appeal must be filed within ten days after the entry of the judgment of conviction.  (Id. at 14.)  The Court advised the petitioner to discuss the issue promptly with his lawyer and the petitioner responded that he understood.  (Id.)

The judgment of conviction was entered on February 5, 2004. No notice of appeal was filed.  On February 4, 2005, the

petitioner filed the current motion with the Pro Se Office of the Court.[1]  The petitioner argues that his counsel, Mr. Burke, provided ineffective assistance of counsel in the following ways:  (1) failing to seek discovery material; (2) failing to file a suppression motion; (3) failing to obtain a minor role adjustment based on the petitioner's role in the offense or for his cooperation with the Government; and (4) failing to file an appeal that raised all of these claims.

## II.

To establish a claim of ineffective assistance of counsel, the petitioner must show both that:  (1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and (2) that his counsel's deficient performance was prejudicial to his case.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bunkley v. Meachum, 68 F.3d 1518, l521 (2d Cir. 1995).

The petitioner cannot meet the first prong of this test merely by showing that his counsel employed poor strategy or made a wrong decision.  Instead, the defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed... by the Sixth

---

[1] The petition is dated January 20, 2005 and there is no dispute that the petition was timely filed.

Amendment."  See Strickland, 466 U.S. at 687.  In fact, there is

a "strong presumption" that defense counsel's conduct fell

within the broad spectrum of reasonable professional assistance,

and a defendant bears the burden of proving "that counsel's

representation was unreasonable under prevailing professional

norms and that the challenged action was not sound strategy."

Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing

Strickland, 466 U.S. at 688–89).

To meet the second prong of the Strickland test, the

petitioner must show that "[t]here is a reasonable probability

that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability

is a probability sufficient to undermine confidence in the

outcome."  Strickland, 466 U.S. at 694; see also Ramos v. United

States, No. 97 Civ. 2572, 1998 WL 230935, at *3 (S.D.N.Y. May 8,

1998).

Where a defendant challenges a guilty plea on the basis of

alleged ineffective assistance of counsel, the defendant must

show that, but for counsel's error, there is a reasonable

probability that he would not have pleaded guilty.  Hill v.

Lockhart, 474 U.S. 52, 59 (1985); Tate v. Wood, 963 F.2d 20, 23–

24 (2d Cir. 1992).  In the context of sentencing, the petitioner

must show that but for counsel's ineffectiveness, there is a

reasonable probability that the sentence imposed would have been different.  See United States v. Workman, 110 F.3d 915, 920 (2d Cir. 1997).

The petitioner has not established either prong of the Strickland test for any of his claims of ineffective assistance of counsel.

### A.

While the defendant claims that defense counsel did not obtain discovery, the record establishes that defense counsel did receive such discovery, although there was only a minimal amount of discovery to be produced in this case.  (See Hearing Transcript of July 28, 2006 ("Hearing Tr."), at 24; Gov't Letter, dated Aug. 26, 2002, attached as Ex. F. to Gov't Mem.). Defense counsel cannot be faulted for failing to obtain discovery that he did in fact obtain.  Moreover, there is no showing that there was any additional material that should have been obtained or that obtaining such additional material would have caused the result of the proceeding to be different in any way.

### B.

The petitioner also alleges that defense counsel failed to make a suppression motion.  However, the petitioner fails to present any evidence or argument that there was a viable

- 6 -

suppression motion that was not made.  Indeed, Mr. Burke
testified credibly that he discussed the issue of suppression
with the petitioner, but the petitioner indicated that he wanted
to plead guilty in "as little time as possible," and that he did
not want to make a suppression motion.  (Hearing Tr. at 24.)
There is no evidence that the petitioner's counsel was
ineffective in failing to make a suppression motion, that such a
motion had any merit, or that making such a motion would have
effected the outcome of the proceeding in any way.

### C.

The petitioner argues that his counsel failed to argue
properly his role in the offense.  However, defense counsel did
argue that the petitioner should be afforded a minor role
adjustment under the Sentencing Guidelines.  He did so both in a
letter to the Court and at the sentencing hearing.  (See Def.'s
Letter, dated Dec. 4, 2003, attached as Ex. D. to Gov't Mem.;
Sent. Tr. at 3.)  Having considered the arguments, the Court
rejected the argument that the defendant was entitled to a minor
role adjustment.  To qualify for such an adjustment the
petitioner was required to show that he was "substantially less
culpable than the average participant," Application ("App.")
Note 3(A) to U.S.S.G. § 3B1.2 (Nov. 5, 2003 ed.).  The
determination of whether a defendant is a minor participant

- 7 -

depends on the culpability of the defendant in the context of
the facts of the case and is "heavily dependent on the facts of
the particular case." Id. at Note 3(C); see, e.g., United
States v. Garcia, 920 F.2d 153, 155 (2d Cir. 1990) (per curiam)
(affirming denial of minor role adjustment to defendant who
delivered a substantial amount of cocaine to an undercover
officer); United States v. Brock, No. 04 Cr. 424-07, 2005 WL
1423265, at *4-5 (S.D.N.Y. June 15, 2005) (denying minor role
adjustment where the defendant "acted as more than a simple
steerer"). For the reasons explained at the sentencing hearing,
the petitioner failed to establish that he was entitled to a
minor role adjustment. The petitioner has failed to make any
showing on this motion that he was in fact entitled to such an
adjustment. Defense counsel was not ineffective in making the
argument. The argument simply failed on the merits.

The petitioner also suggests that his counsel was
ineffective in failing to secure a downward adjustment to his
Guideline Sentencing Range based on his cooperation with the
Government. The petitioner suggests that he should have
obtained a two level downward adjustment because he qualified
for the "safety valve" and had cooperated with the Government.
See U.S.S.G. § 2D1.1(b)(6) (Nov. 5, 2003 ed.). However, the
petitioner's counsel did in fact make such a request to the

Court.  (See Def.'s Letter, dated Dec. 4, 2003, attached as Ex.
D to Gov't Mem.; Def.'s Letter, dated Dec. 30, 2003, Hearing of
July 28, 2006, Ex. 3.)  The defendant did in fact make a proffer
to the Government, but the Government did not agree that the
defendant had been truthful in disclosing his knowledge about
the offenses that were part of the same course of conduct or of
a common scheme or plan, and thus the Government took the
position that the defendant did not qualify for the two level
downward adjustment pursuant to the safety valve.  See U.S.S.G.
§§ 2D1.1(b)(6), 5C1.2(a)(5) (Nov. 5, 2003 ed.).  The
petitioner's counsel candidly testified at the evidentiary
hearing that he discussed with the petitioner the possibility of
proceeding to a sentencing hearing on the issue of whether the
petitioner had truthfully provided all of the required
information to the Government, but the downside risk to such a
hearing would have been that the Government could establish that
the defendant's relevant conduct included a greater amount of
drugs than were otherwise used to calculate the petitioner's
Guideline Sentence and that, therefore, the result of such a
hearing would be an increased Sentencing Guideline Range.  (See
Hearing Tr. at 25-28.)  The petitioner's counsel credibly
testified that, having considered the options, the petitioner
decided not to pursue a safety valve adjustment.  (Id. at 27-

- 9 -

28.)  Therefore, the petitioner's counsel withdrew the request for safety valve treatment.  (See Def.'s Letter, dated Jan. 15, 2004, attached as Ex. E. to Gov't Mem.)

The petitioner has failed to show that he was in fact entitled to the safety valve treatment or that his counsel's representation was ineffective in any way in the pursuit of that downward adjustment.  Moreover, he has failed to show that, had counsel done anything differently, the result of the sentencing would have been different.

### D.

Finally, the petitioner alleges that his counsel failed to file a notice of appeal although the petitioner asked him to do so.  The failure to file an appeal constitutes ineffective assistance of counsel without a showing of the merit of the appeal if a defendant asks his counsel to file such an appeal.  See Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002); Hernandez v. United States, 202 F.3d 486, 489 (2d Cir. 2000); Restrepo v. Kelly, 178 F.3d 634, 641-42 (2d Cir. 1999).  However, in this case, the petitioner's counsel testified credibly at the evidentiary hearing that the petitioner did not ask him to file a notice of appeal and that, if the petitioner had made such a request, the petitioner's counsel would have filed the notice of appeal.  (Hearing Tr. at 32-33.)  The

- 10 -

petitioner's counsel did testify that he advised the petitioner that there were no good grounds for an appeal.  (Id. at 32.) Indeed, while the petitioner had previously stated that he had asked his counsel to appeal his sentence (Salcedo Aff., Jan. 20, 2005, at ¶ 8), at the hearing the petitioner stated that his counsel advised him that there were no grounds on which to base an appeal and "perhaps this was a lack of communication" (Hearing Tr. at 11).  Based on all of the evidence, there is no credible evidence that the petitioner requested his counsel to file an appeal and that his counsel failed to carry out that request.  Moreover, the petitioner has failed to establish that there were any valid bases for appeal and that his counsel's advice not to appeal was ineffective.  The petitioner has therefore failed to establish that his counsel provided ineffective assistance of counsel in failing to file an appeal.

CONCLUSION

The Court has considered all of the petitioner's arguments. To the extent not specifically addressed above, they are either moot or without merit.  The petitioner's motion is **denied.** Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to

issue a certificate of appealability pursuant to 28 U.S.C. §
2253(c).


SO ORDERED.

Dated:     New York, New York
           September 30, 2006

                                          John G. Koeltl
                                  United States District Judge